**FILED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

AUG − 4 2006

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

| | | |
|---|---|---|
| JOSHUA BELLEW, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: _____ |
| | ) | |
| vs. | ) | **CIV 0 6 - 3 0 7 - R A W** |
| | ) | |
| NORTHEASTERN STATE UNIVERSITY | ) | COMPLAINT & DEMAND FOR JURY |
| and THE BOARD OF REGENTS OF | ) | TRIAL |
| OKLAHOMA COLLEGES, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW**, Joshua Bellew, the above-named Plaintiff, and for his cause of action against Defendant, Northeastern State University (hereinafter referred to as "NSU"), hereby complains and alleges as follows:

### PARTIES

1. Plaintiff, Joshua Bellew, was, at all relevant times mentioned herein, a resident of the City of Tahlequah, Cherokee County, Oklahoma;

2. Defendant, NSU is a regional university governed by the Board of Regents of Oklahoma Colleges within a state system coordinated by the Oklahoma State Regents for Higher Education with the main campus being located in Tahlequah, Cherokee County, State of Oklahoma.

3. This is a civil action over which the Court has jurisdiction.

4. NSU is an employer within the meaning of 25 Oklahoma Statutes, Section 1301(1) and Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) *et seq*.

5. NSU employs more than fifteen (15) employees.

consent for mr
given
Rept # 5135

1

6. The matter was timely filed with the Oklahoma Human Rights Commission and the Equal Employment Opportunity Commission (EEOC). Mr. Bellew received a Notice of Right to Sue from the EEOC less than ninety (90) days ago.

## GENERAL ALLEGATIONS

7. At the time of his termination, Mr. Bellew had been employed by NSU for approximately 1 ½ years, beginning May 19, 2003, as a full-time employee hall manager at the Tahlequah campus and had previously been employed with NSU as a Resident Assistant since 2001.

8. Mr. Bellew's job reviews and performance evaluations were satisfactory, in fact, he was awarded Resident Assistant of the Year in 2002.

9. Mr. Bellew on February 24, 2004, sent a letter to his supervisor, Charlotte Winrick, after she had repeatedly inappropriately touched him advising her that he was only interested in having a professional relationship with her.

10. Ms. Winrick, on May 21, 2004, continued her inappropriate behavior and sat on Mr. Bellew's lap and touched his thigh.

11. Mr. Bellew, on June 10, 2004, again informed Ms. Winrick that he was uncomfortable with her touching and that he wanted it to stop.

12. Ms. Winrick, on June 14, 2004, walked up behind Mr. Bellew and repeatedly rubbed his back.

13. Mr. Bellew then complained to the Human Resources Department of Northeastern State University in July of 2004. Once Mr. Bellew made a complaint to the Human Resources Department, Ms. Winnick began requiring Mr. Bellowed to meet with her daily face to face.

14. On July 13, 2004, Ms. Winrick initiated a new dress code that targeted males

2

specifically and proceeded to enforce it only upon Mr. Bellew. Furthermore, Mr. Winrick belittled Mr. Bellew in front of his peers and has told his peers outside of his presence that Mr. Bellew had an attitude problem.

15. The complaint made by Mr. Bellew to the Human Resources Department of NSU was originally handled by Assistant Direct of Human Resources, Tere Feller. Ms. Feller did not conduct an investigation.

16. Mr. Bellew subsequently complained to the Director of Human Resources, Tim Foutch. Mr. Foutch assigned the case to Barbara Abercrombie to investigate.

17. Ms. Abercrombie took no corrective action and continued to allow Ms. Winrick to supervise Mr. Bellew.

18. NSU received an official Charge of Discrimination on January 11, 2005.

19. NSU wrongfully terminated Mr. Bellew on January 14, 2005 on the ground of insubordination, three (3) days after receiving the official Charge of Discrimination.

20. On or about February, 2005, Mr. Bellew filed for unemployment benefits with the Oklahoma Employment Security Commission. The Oklahoma Employment Security Commission ruled in favor of Mr. Bellew.

21. On or about November, 2005, the State of Oklahoma Human Rights Commission ruled in favor of Mr. Bellew.

## COUNT ONE

### *GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND THE OKLAHOMA ANTI-DISCRIMINATION ACT.*

22. Plaintiff re-alleges Paragraphs 1 through 21 as if fully set forth herein. Plaintiff was

3

subjected to a hostile work environment in violation of the Oklahoma Anti-Discrimination Act, 25 O.S. § 1101-1302 and Title VII of the Civil Rights Act of 1964. For example, Plaintiff was subjected to continuous inappropriate touching by his supervisor, an employee of Defendant otherwise creating a hostile working environment for Plaintiff because of Plaintiff's gender. The Defendant failed to remedy the hostile and offensive work environment, despite having notice of the wrongful acts of its employee, and indifference to Plaintiff's complaints effectively encouraged the wrongful conduct.

23.     As direct and proximate result of the wrongful actions of Defendant, Plaintiff is entitled to general damages, loss of earnings, and emotional damages in an amount to be proven at trial, but which amount exceeds $25,000.00.

24.     Plaintiff is further entitled to recover attorney fees and costs incurred in prosecuting this action.

## COUNT TWO

*SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND THE OKLAHOMA ANTI-DISCRIMINATION ACT.*

25.     Plaintiff re-alleges Paragraphs 1 through 24 as if fully set forth herein.

26.     After filing his initial harassment complaint with Human Resources in July, 2004, Bellew was continually harassed by Ms. Winrick and disciplined more regularly than other employees, and was held to a different standard at work than other female employees.

27.     After filing his initial sexual harassment complaint with Human Resources in July, 2004, Mr. Bellew was continually subjected to inappropriate touching, ridicule, and insult related to his gender, which was sufficiently severe and/or pervasive to alter the conditions of his

4

employment and thus creating an abusive working environment.

28.     As a direct and proximate result of the wrongful actions of Defendant, Plaintiff is entitled to general damages, loss of earnings, and emotional damages in an amount to be proven at trial, but which amount exceeds $25,000.00.

29.     Plaintiff is further entitled to recover attorney fees and costs incurred in prosecuting this action.

## COUNT THREE

### *HARASSMENT AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND THE OKLAHOMA ANTI-DISCRIMINATION ACT.*

30.     Plaintiff re-alleges Paragraphs 1 through 29 as if fully set forth herein.

31.     During the course of his employment with Defendant, Mr. Bellew has been subject to a hostile and offensive work environment in violation of the Oklahoma Anti-Discrimination Act and Title VII of the Civil Rights Act of 1964.

32.     After filing his initial sexual harassment complaint with Human Resources in July, 2004, Mr. Bellew was continually reprimanded, disciplined and required to meet face to face with Ms. Winrick, and more regularly than other employees, and was held to a different standard at work than female employees.

33.     After filing his initial sexual harassment complaint with Human Resources in July, 2004, Mr. Bellew was continually subjected to inappropriate touching, intimidation, ridicule, and insult related to his gender, which was sufficiently severe and/or persuasive to alter the conditions of his employment and thus creating an abusive work environment.

34.     As a direct and proximate result of the wrongful actions of Defendant, Plaintiff is

5

entitled to general damages, loss of earnings, and emotional damages in an amount to be proven at

trial, but which amount exceeds $25,000.00.

35.     Plaintiff is further entitled to recover attorney fees and costs incurred in prosecuting

this action.

## COUNT FOUR

### *WRONGFUL DISCHARGE*

36.     Plaintiff alleges Paragraphs 1 through 35 as if fully set forth herein.

37.     The Oklahoma Anti-Discrimination Act, Oklahoma O.S.  §§ 25, 1302 establishes

that:

A.      It is a discriminatory practice for an employer:

1.      To fail or refuse to hire, to discharge, or otherwise to discriminate
        against an individual with respect to compensation or the terms,
        conditions, privileges or responsibilities of employment, because of
        race, color, religion, sex, national origin, age, or handicap unless such
        action is related to a bona fide occupational qualification reasonably
        necessary to the normal operation of the employer's business or
        enterprise; or

2.      To limit, segregate, or classify an employee in a way which would
        deprive or tend to deprive an individual of employment opportunities
        or otherwise adversely affect the status of an employee, because of
        race, color, religion, sex, national origin, age, or handicap unless such
        action is related to a bona fide occupational qualification reasonably
        necessary to the normal operation of the employer's business or
        enterprise.

38.     The action of NSU by instituting a retaliatory discharge against Mr. Bellew

constitutes a tortious act in violation of the public policy of the State of Oklahoma.

39.     As direct and proximate result of the wrongful actions of Defendant, Plaintiff is

entitled to general damages, loss of earnings, and emotional damages in an amount to be proven at

6

trial, but which amount exceeds $25,000.00.

40.     Plaintiff is further entitled to recover attorney fees and costs incurred in prosecuting this action.

## COUNT FIVE

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

41.     Plaintiff re-alleges in Paragraphs 1 through 40 as if fully set forth herein.

42.     As a direct and proximate result of NSU's intentional, reckless conduct, as alleged herein above, Mr. Bellew has incurred severe mental suffering.

43.     As such, in addition to the relief requested herein above, Mr. Bellew is entitled to recover monetary damages representing fair and reasonable compensation for the emotional distress suffered by Mr. Bellew as a result of the intentional wrongful conduct alleged herein above in an amount to be proven at trial.

44.     Plaintiff is further entitled to recover attorney fees and costs incurred in prosecuting this action.

## COUNT SIX

*Breach of Implied Covenant of Good Faith and Fair Dealing in Employment Contract*

45.     Plaintiff re-alleges Paragraphs 1 through 44 as if fully set forth herein.

46.     There existed an implied covenant of good faith and fair dealing in Mr. Bellew's employment agreement with NSU.

47.     NSU knew of the sexual harassment conduct exhibited by Ms. Winrick and failed to take timely and appropriate action.

48.     By allowing Mr. Bellew to be harassed in violation of Title VII of the Civil Rights

7

Act and Oklahoma Anti-Discrimination Act, and discharging Mr. Bellew in retaliation for pursuing his complaint(s), NSU breached the covenant of good faith and fair dealing implied in Mr. Bellew's employment agreement.

49.     NSU's conduct was intentional and/or reckless.

50.     As a direct and proximate result of the acts or omissions of NSU, Plaintiff is entitled to general damages, loss of earnings, emotional damages, in an amount to be proven at trial, but which amount exceeds $25,000.00.

51.     Plaintiff is further entitled to recovery attorney fees and costs incurred in prosecuting this action.

## DEMAND FOR JURY TRIAL

Mr. Bellew hereby demands trial by a jury composed of no less than twelve (12) persons on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Bellew prays for relief as follows:

1.     For a judgment for special damages and lost earnings and benefits in an amount to be proven at trial;

2.     For an award to Mr. Bellew for compensatory damages against NSU, for the wrongful termination of Mr. Bellew in violation of public policy of the State of Oklahoma in an amount to be proven at trial, but which exceeds $25,000.00.

3.     For emotional distress damages in an amount to be proven at trial;

4.     For exemplary damages in an amount to be proven at trial;

5.     For an award of Mr. Bellew's attorney fees incurred in prosecuting this action, and

8

all other applicable state and federal laws;

6.   For costs of suit incurred herein; and

7.   For such other and further relief as the Court deems just and proper.

Respectfully submitted,

TOON & OSMOND, P.L.LC.

By:

James J. Robertson, OBA#16409
Richard S. Toon, OBA#16069
1800 S. Baltimore, Suite 1000
Tulsa, Oklahoma 74119
(918) 477-7884
(918) 477-7893 *facsimile*

*Attorneys for Plaintiff, Joshua Bellew*

9