## IN THE UNITED STATE DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

JOSHUA BELLEW,                               )
                                             )
                      Plaintiff,             )
                                             )
vs.                                          )        **Case No. CIV-06-307-RAW**
                                             )
NORTHEASTERN STATE UNIVERSITY )
and THE BOARD OF REGENTS OF           )
OKLAHOMA COLLEGES,                     )
                                             )
                      Defendants.            )

## AGREED TO JURY INSTRUCTIONS

The Parties respectfully request the following agreed to jury instructions be submitted

to the jury in the trial of the above-styled matter.

Respectfully submitted,

s/ James J. Robertson
**JAMES J. ROBERTSON, OBA #16409**
Toon & Osmond, P.L.L.C.
1800 S. Baltimore, Suite 1000
Tulsa, Oklahoma 74119
Tele: (918) 477-7884   Fax: (918) 477-7893
Attorney for Plaintiff
(Filed with permission of James J. Robertson)

s/ Kevin L. McClure
**KEVIN L. McCLURE, OBA #12767**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
Tele: (405) 521-4274   Fax: (405) 5218-4518
Kevin_McClure@oag.state.ok.us

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2007, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James J. Robertson
Richard S. Toon
Toon & Osmond, P.L.L.C.
1800 S. Baltimore, Suite 1000
Tulsa, Oklahoma 74119
*Attorneys for Plaintiff*

s/ Kevin L. McClure
Kevin L. McClure

**§1:215 Title VII—Law Prohibiting Discrimination**

Under Title VII of the Civil Rights Act, 42 U.S.C.A. §2000e-2(a), "It shall be an unlawful employment practice for an employer:(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." The Civil Rights Act is not intended as a vehicle for judicial review of employment decisions that are not the result of discrimination. Although the Civil Rights Act requires that an employer reach employment decisions without discriminating, it does not place an affirmative duty upon an employer to accord special treatment to an employee. An employer has the right to make business decisions, including selection decisions such as those at issue in this case, for good, bad, or no reason at all, as long as they don't constitute discrimination. The law does not expose an employer to liability merely because the employer may have misjudged an employee's job performance or made a personnel decision that was unwise or ill-advised. It is not your function in this case to second-guess the wisdom of any employment action which affected Plaintiff. Thus, even if you personally disagree with the actions that were taken or believe that they were harsh or unreasonable, if you find that discrimination was not a motivating factor for the actions, then you must return a verdict in Defendant's favor.

**Source of Instruction**: *Standing Orders, Jury Instructions - Title VII Discrimination*, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

**§1:220 "Gender"**

Plaintiff has alleged that [he/she] has been discriminated against on the basis of [his/her] gender. Gender refers to the quality of being male or female.

**Source of Instruction:** 42 U.S.C. §2000e-2(a).

**§1:250 Preponderance of the Evidence**

The burden is on Plaintiff in a civil action, such as this, to prove every essential element of [his/her] claim by a preponderance of the evidence. A preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. In other words, to "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. This rule does not, of course, require proof to an absolute certainty since absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Source of Instruction:** *Pattern Jury Instructions (Civil) Fifth Circuit* §2.20 (2004).

**§1:300 Method of Proof**

To prevail on a claim of gender discrimination, Plaintiff must prove by a preponderance of the evidence that Defendant had a reason or motive to discriminate against [him/her] when it *[insert adverse employment action]* [him/her].  Plaintiff must prove, either directly or indirectly, that Defendant engaged in intentional discrimination.

Direct evidence of discrimination is evidence of remarks or actions that, if believed, would directly prove that Plaintiff's gender was a motivating factor in Defendant's treatment of Plaintiff.

Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that gender was a motivating factor in Defendant's treatment of Plaintiff.

**Source of Instruction:** 42 U.S.C. §2000e-2(m); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

**§1:310 Elements of *Prima Facie* Case** - Gender Discrimination

To establish discrimination using indirect evidence, Plaintiff must prove what is called a *prima facie* case of sex discrimination.

To establish a *prima facie* case, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     Either:

   a. Plaintiff must establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority;

   or

   b. present indirect evidence sufficient to support a reasonable probability, that but for his gender the challenged employment decision would have favored him.

2.     Plaintiff performed his job satisfactory;

3.     Plaintiff suffered an adverse employment action that affected a term, condition, or privilege of his employment; and

4.     Plaintiff's employer treated similarly-situated employees (i.e., females) outside his protected class more favorably than he was treated.

**Source of Instruction:** *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) modified by *Notari v. Denver Water Department*, 971 F.2d 585, 589 (10th Cir.1992); see also, *Perry v. Woodward*, 199 F.3d 1126, 1135 (10th Cir.1999). .

### §1:330 Defense: Lawful (Legitimate, Nondiscriminatory) Reason

A legitimate, nondiscriminatory reason is any reason or explanation unrelated to Plaintiff's sex. In considering the legitimate, nondiscriminatory reason stated by Defendant for its decision, you are not to second-guess that decision or to otherwise substitute your judgment for that of Defendant.

In this case, the ultimate burden of persuading the jury that Defendant intentionally discriminated against Plaintiff because of [his/her] sex remains at all times with Plaintiff. Defendant is therefore not required to prove that its decision was actually motivated by the stated legitimate, nondiscriminatory reason.

**Source of Instruction:** *Elliott v. Group Medical & Surgical Service*, 714 F.2d 556, 567 (5th Cir. 1983), *cert. denied*, 467 U.S. 1215 (1984). *See also* 42 U.S.C. §2000e-2(k)(1)(C)(2); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Young v. City of Houston*, 906 F.2d 177 (5th Cir. 1990).

**§1:540 "Same Decision"**

Defendant asserts as an affirmative defense that it would have reached the same decision with respect to Plaintiff regardless of [his/her] gender. Therefore, if you find that Defendant's decision was motivated both by gender and a lawful reason, you must decide whether Plaintiff is entitled to damages. Plaintiff is entitled to damages unless Defendant proves by a preponderance of the evidence that Defendant would have made the same decision if Plaintiff's gender had played no role in the employment decision.

**Source of Instruction:** 42 U.S.C. §2000e-5(g)(2)(B); *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *Thomas v. Denny's Inc.*, 111 F.3d 1506, 1511 (10th Cir. 1997).

**§1:620 Defense and Plaintiff's Rebuttal**

You must consider any legitimate, nondiscriminatory reason or explanation stated by Defendant for its decision. If you find that Defendant has stated a valid reason, then you must decide in favor of Defendant unless Plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but is only a pretext or excuse for discriminating against Plaintiff because of [his/her] sex.

Plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that [his/her] sex was more likely the reason for Defendant's decision than the reason stated by Defendant.

Plaintiff also can attempt to prove that Defendant's stated reason for its decision not to pay a comparable wage to [him/her] is a pretext by persuading you that it is just not believable. However, it is not enough for Plaintiff simply to prove that Defendant's stated reason for its decision was not the true reason. The reason for this is that Plaintiff always must prove by a preponderance of the evidence that [he/she] did not receive a comparable wage because of [his/her] sex. Therefore, even if you decide that Defendant did not truly rely on the stated reason for its decision to demote Plaintiff, you cannot decide in favor of Plaintiff without further evidence that Defendant relied instead on Plaintiff's sex.

**Source of Instruction:** 42 U.S.C. §2000e-2(m); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248 (1981); *Price Waterhouse v. Hopkins,* 490 U.S. 228 (1989).

**§1:661 Title VII—Discrimination and Retaliation—Separate Verdicts on Each Claim**

Plaintiff in this case is Josh Bellew. Defendant in this case is Northeastern State University or NSU. There are three positions at issue in this case and Plaintiff makes claims of discrimination and retaliation. The three positions are: (1) gender discrimination, (2) sexual harassment and (3) retaliation for protected activity. Defendant denies all both claims of discrimination and the retaliation claim. By your verdict, you will decide all disputed issues of fact. I have decided all questions of law that arose during the trial and will now instruct you on the law you must follow and apply in deciding your verdict. Because you are being called upon to decide the facts of this case, you should give careful attention to the testimony and exhibits presented for your consideration, bearing in mind how I have instructed you concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given his or her testimony. I will explain that term, "protected activities" in a moment, but for now the important thing to bear in mind is that Plaintiff makes distinct and separate claims. Therefore, you must consider each claim separately and individually and not let your determination as to one claim affect or influence your decision as to the other claim.

**Source of Instruction**: *Standing Orders, Jury Instructions for Discrimination & Retaliation Under Title VII*, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

**§1:663 Title VII—Discrimination and Retaliation—Discriminatory Intent**

Proof of discriminatory intent is critical in this case. Discrimination is intentional if it is done voluntarily, deliberately, and willfully. Discriminatory intent may be proved either by direct evidence such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional discrimination in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue, as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. In order to prevail on [his/her] claim, Plaintiff must show that he/she was [*i.e.* qualified for the position that he/she sought, that he/she was not selected for the position], and that [his/her] [race, color, religion, sex, or national origin] and the [race, color, religion, sex, or national origin] of the person who [*i.e.* got the job] was a motivating factor in the decision [*i.e.* not to select] Plaintiff. Remember that Plaintiff must show only that [race, color, religion, sex, or national origin] was a motivating factor in Defendant's decision [*i.e.* not to select him/her for the position he/she applied.] He/She does not have to show that it was the only, or even a major, factor in Defendant's decision. If Defendant has offered a non-discriminatory reason or reasons for its [*i.e.* selection of _____ and its not selecting Plaintiff] and you believe that reason or reasons, then your verdict should be for Defendant. If, however, you do not believe that this reason or reasons were the real reason or reasons for [*i.e.* the failure to select Plaintiff], you may find that Plaintiff has proven [his/her] claim of intentional employment discrimination, particularly if you believe that Defendant's representatives involved did not put forth honestly the reason or reasons for their decision.

**Source of Instruction:** *Standing Orders, Jury Instructions for Discrimination & Retaliation Under Title VII,* Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

**§1:666  Title VII—Discrimination and Retaliation—Proof of Intent**

Proof of retaliatory intent is critical in this case. Retaliation is intentional if it is done voluntarily, deliberately, and willfully. Retaliatory intent may be proven either by direct evidence, such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional retaliation in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue, as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

**Source of Instruction:** *Standing Orders, Jury Instructions for Discrimination & Retaliation Under Title VII,* Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

**§1:667  Title VII—Discrimination and Retaliation—Right to Make Business Decisions**

In this context, please bear in mind that an employer has the right to make business decisions for any reason, whether good or bad, so long as those decisions are not motivated by a factor that the law makes illegal, such as retaliation.  It is not your function to second guess the decision Defendant made in this case, but solely to determine whether, in making that decision, Defendant broke the law by permitting retaliation to be a substantial factor in its decision to [*i.e.* withdraw the job offer].  Thus, even if you personally disagree with that decision or think it harsh or unreasonable, you may not permit that feeling to influence in any way your determination of whether or not Defendant retaliated against Plaintiff when it decided to [*i.e.* withdraw the job offer].


**Source of Instruction:** *Standing Orders, Jury Instructions for Discrimination & Retaliation Under Title VII,* Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.  *See also Evans v. Fed. Reserve Bank of Phila.*, No. Civ.A. 03-4975, 2005 WL 774947, at *5 (E.D. Pa. Apr. 4, 2005)

**§1:668  Title VII—Discrimination and Retaliation—Damages—Discrimination**

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case or that I think that you should award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance in the event that you find in favor of Plaintiff on his claim against Defendant. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide. If you find for Plaintiff on [his/her] claim that Defendant discriminated against him/her because of [his/her] [race, color, religion, sex, or national origin], then you must determine whether he/she is entitled to damages in an amount that is fair compensation. You may award compensatory damages only for injuries that Plaintiff proved were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by Defendant's discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. You may not consider the amount of lost wages or other benefits, if any, claimed by Plaintiff in this case. Likewise, you may not consider the cost to Plaintiff of hiring an attorney. Those attorneys' fees and lost wages are determined by the court, if necessary, and may not be included in your damages award.

**Source of Instruction:** *Standing Orders, Jury Instructions for Discrimination & Retaliation Under Title VII,* Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

**§1:670  Essential Elements** - Retaliation

Under Title VII, it is unlawful for an employer to discriminate against any employee because that employee has opposed what he believed to have been sex discrimination by an employer, or because the employee filed a charge of sex discrimination or testified, assisted, or participated in any manner in an investigation.

In order for Plaintiff to prevail on his claim of retaliation, he has to prove three things:

1.      he was engaged in a protected activity;

2.      he suffered an adverse employment action; and

3.      Defendant acted out of a retaliatory motive in taking the adverse employment action.

"Protected activity" is an employee's conduct in opposing a discriminatory practice, making a charge of discrimination or testifying, or assisting or participating in any manner in an investigation.

"Adverse employment action" includes discharge, demotion, refusal to hire, refusal to promote, or a reprimand and would also include what a reasonable employee would have found the challenged action *materially adverse*. (Modified by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405 (2006)).

Plaintiff must demonstrate by a preponderance of the evidence that his protected activity was followed closely in time by an adverse employment action. Thus, if Plaintiff showed that his adverse employment action came soon after his complaint, he has proven this element of his *prima facie* case. Plaintiff must prove that the employer acted because the complaint or complaints were about sex discrimination.

**Source of Instruction:** *Provencher v. CVS Pharm.*, Nos. 97-1711, 97-1732 (1st Cir. May 26, 1998) 1998 U.S. App. Lexis 10480; *Mattern v. Eastman Kodak Co.*, 104 F.3d 702 (5th Cir. 1997); *Reed v. A.W. Lawrence & Co.*, 889 F. Supp. 594 (N.D.N.Y. 1995); *Hairston v. Washington Metro. Area Transit Auth.*, No. 93-2127 (TFH) (D.D.C. Aug. 13, 1997) 1997 U.S. Dist. Lexis 13585; *Woodyatt v. Bethlehem Steel Corp.*, No. 94-2531 (E.D. Pa. Aug. 28, 1996) 1996 U.S. Dist. Lexis 12974.Modified by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405 (2006).

**§1:830  Sexual Harassment — Explanation**

Sexual harassment can, but need not, take the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature.  It is not necessary that the acts at issue have clear sexual overtones; rather, any harassment directed at an employee because of that employee's gender is sexual harassment.  Nevertheless, the offensive conduct must be so severe and pervasive that it has the purpose or effect of unreasonably interfering with the employee's work performance and of creating an intimidating, hostile, or offensive work environment.  It cannot consist of trivial or isolated remarks and incidents, or simply coarse, rude, or boorish behavior.

**Source of Instruction:**  *Carter v. Rosenberg & Estis, P.C.*, 1998 U.S. Dist. LEXIS 4010 (S.D.N.Y. 1998).

## §1:840  Reasonable Person Standard

This is an objective standard, and you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances with the same fundamental characteristics as Plaintiff.

**Source of Instruction:** *Crowe v. Wiltel Communications Sys.*, 103 F.3d 897 (9th Cir. 1996); *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995).

**§1:880  Unwelcome Conduct — Examples**

Unwelcomed sexual harassment includes sexual advances, requests for sexual favors, sexual violence, or verbal sexual abuse.  Sexual conduct is unwelcomed when it is unsolicited or uninvited by Plaintiff.

**Source of Instruction:**  *Mallenson-Montague v. Professional Bank*, 95-WY-2969-AJ (D. Colo. 1997).

### §1:922 Essential Elements (Harassment by Supervisor, No Tangible Employment Action)

Bellew accuses NSU of sexual harassment in violation of federal law. To succeed on this claim, Bellew must prove by a preponderance of the evidence all four of the following factors:

*First,* that he was intentionally subjected to unwelcome harassment by the employer or by his supervisor;

*Second,* that the harassment was based upon sex;

*Third,* that the harassment was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and Bellew in fact did perceive it to be so; and

*Fourth*, that the harassment was sufficiently severe or pervasive so as to alter the conditions of his employment and create an abusive working environment.

"Unwelcome harassment" means conduct that is uninvited and offensive or unwanted.

On whether the conduct was objectively offensive, you may consider, among other things, the frequency of the conduct, its severity, whether it was physically threatening or humiliating or whether it was a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

Liability on this claim requires more than mere utterance of an offensive remark. It does not, however, require tangible psychological injury. There is no mathematically precise test for determining whether words and gestures meet the standard. Instead, you must consider the evidence as a whole and the totality of the circumstances, such as the nature of the conduct and the context in which it occurred. Discriminatory intimidation, ridicule and insult can be sufficiently severe or pervasive in their accumulated effect to alter the conditions of employment and create an abusive working environment. The conduct or actions do not have to be sexually suggestive or indecent. But conduct that results from genuine but innocuous differences in the way men and women routinely interact with members of the same sex and of the opposite sex is not illegal. Offhand comments, rudeness, occasional teasing and isolated incidents are not alone sufficient. This is not a general civility code for the workplace.

If Bellew satisfies of all the requirements I have listed, then you shall consider the NSU's affirmative defense. To prevail on its affirmative defense, NSU must prove by a preponderance of the evidence *both* of the following:

*First*, that it exercised reasonable care to prevent and correct promptly sexually harassing behavior; and

*Second*, that Bellew unreasonably failed to take advantage of any preventive or corrective opportunities NSU provided.

If you find that NSU has proven both of these by a preponderance of the evidence, your verdict must

be for NSU on this claim. Otherwise, your verdict must be for Bellew.

**Source of Instruction**: *Proposed Civil Pattern Jury Instructions – Employment Discrimination (Pretext)*, Judge Hornby, United States District Court, District of Maine, §2.2 (2005).

**§1:926 Affirmative Defense**

Defendant claims that Plaintiffs unreasonably failed to take advantage of corrective opportunities.

**Source of Instruction:**  *Mems v. The City of St. Paul–Department of Fire and Safety Servs.,* 2002 U.S. Dist. LEXIS 3517 (D. Minn. 2002).

**§1:981  Affirmative Defense (For Use in Cases with No Tangible Employment Action)**

Your verdict must be for defendant on plaintiff's claim of sexual/gender harassment if it has been proved by [(the greater weight) or (the preponderance)] of the evidence that (a) defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (b) that plaintiff unreasonably failed to take advantage of [*specify the preventive or corrective opportunities provided by defendant of which plaintiff allegedly failed to take advantage or how plaintiff allegedly failed to avoid harm otherwise*].

**Source of Instruction:**  *Draft Model Jury Instructions (Civil) Eighth Circuit* §5.42A (2004).

**§1:1100  Speculation as Evidence of Discrimination**

Plaintiff cannot rely upon mere speculation to prove [his/her] claim that Defendant discriminated against [him/her] because of [his/her] sex.  Plaintiff's own perceptions about the adequacy of [his/her] own performance are irrelevant because they do not shed any light on whether Defendant based its employment decisions on performance-related considerations.

**Source of Instruction:**  *Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992).

**§1:1112  Use of Deposition to Impeach Witness**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness had said or done something inconsistent with the witness' present testimony. Sometimes this is shown through contrary evidence from deposition testimony.  That's what I was telling you about.  And you read a witness' deposition to the witness and sometimes it says something that's contradictory. Or through answers to interrogatories. Or through other means, such as letters or statements.  If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness whatever weight and credibility, if any, as you may still think it deserves.

You may consider evidence that at some other time a witness not a party to this action has said or done something which is inconsistent with the witness' testimony at trial.  You may consider such evidence for the sole purpose of judging the credibility of the truth of any such statement.  Where, however, the witness is a party to the case, and by such statement or other conduct admits some fact of facts against his or her interest, then such a statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such a party, as well as for purposes of judging the credibility of a party as a witness.

**Source of Instruction:**  *Skaggs v. Hartford Financial Group, Inc.,* 2001 U.S. Dist. LEXIS 20351 (E.D. Pa. 2001).

**§1:1130  Business Judgment — Any Reason That Is Not Discriminatory (Long Form)**

The Act was not intended to be a vehicle for judicial second-guessing of business decisions; nor was it intended to transform the courts into personnel managers. An employer is entitled to make its own policy and business judgment, and may therefore *[insert adverse employment action]* an employee — even an outstanding employee — for reasons that the employer considers to be in its best interests.   An employer is entitled to make its own subjective personnel decisions, however misguided they may appear to you, and can *[insert adverse employment action]* an employee for any reason that is not discriminatory.  Therefore, you should not find that a *[insert adverse employment action]* decision is unlawful just because you may disagree with Defendant's stated reason for Plaintiff's *[insert adverse employment action]* or you believe that the decision was harsh or unreasonable, as long as Defendant would have reached the same decision to *[insert adverse employment action]* Plaintiff regardless of [his/her] sex.

**Source of Instruction:**  *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability...."); *Furnco Constr. Corp. v. Waters*, 483 U.S. 567, 576-66 (1978); *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1988); *Thornbrough v. Columbus & Greenville Ry. Co.*, 760 F.2d 633, 647 (5th Cir. 1985) (ADEA case); *Turner v. Texas Instruments*, 555 F.2d 1251 (5th Cir. 1977); *Walker v. AT&T Technologies*, 995 F.2d 846, 849 (8th Cir. 1993) (ADEA Case); *Bernard v. Bethlehem Steel Corp.*, 837 F.Supp. 215, 216 (E.D. Tex. 1993).

**§1:1201  Damages — Dispassionate Common Sense**

In determining the amount of any damages, both the back pay damages and the emotional distress damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages by way of punishment or through sympathy. You must not engage in speculation, conjecture or guess work. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Source of Instruction:**  *Biondo v. City of Chicago*, 2002 U.S. Dist. LEXIS 3463 (N.D. Ill. 2002).

**§1:1340 Mitigation of Damages**

Plaintiff has a duty to mitigate or lessen [his/her] damages. That is, Plaintiff was required to exercise reasonable diligence and care to locate substantially equal employment after [he/she] was discharged by Defendant. If you find that Defendant is liable and that Plaintiff has suffered damages, then Plaintiff may not recover backpay or other benefits for any period of time during which [he/she] failed to exercise reasonable diligence and care in seeking other suitable employment after [he/she] was discharged by Defendant. Therefore, if you find that Plaintiff failed, during any period of time, to exercise reasonable care and diligence in seeking other suitable employment after [he/she] was discharged, you should deny [his/her] recovery of backpay and other benefits for such periods of time.

You are the sole judge of whether Plaintiff failed to exercise reasonable care and diligence in seeking other suitable employment after [he/she] was discharged by Defendant. Defendant must prove that Plaintiff failed to use reasonable care and diligence in seeking such employment or jobs. In deciding whether to reduce Plaintiff's damages, you must weigh all of the evidence in light of the particular circumstances of the entire case. You must also use sound discretion in deciding whether or not Defendant has satisfied its burden of proof.

You must deduct any money Plaintiff either earned from any employment [he/she] obtained after [he/she] was discharged by Defendant or could have earned had [he/she] taken reasonable steps to obtain suitable employment.

Finally, you may not award damages based simply on speculation or guesswork. Any award must compensate Plaintiff fairly for any injuries [he/she] may have sustained but must have a basis in the evidence and be reasonable in the light of that evidence.

**Source of Instruction:** *Ford Motor Co. v. E.E.O.C.,* 458 U.S. 219, 231-32 (1982).